JOURNAL ENTRY and OPINION
{¶ 1} Cheryl Metter, the plaintiff in these consolidated cases, appeals from a judgment entered on a jury verdict in her favor in the amount of $941.75 against defendant-appellees Michael Konrad and Richard Halleland. She argues that the court erred by failing to submit an interrogatory which required the jury to itemize the damages they awarded. She also asserts that the verdict contravenes the manifest weight of the evidence. We find no error in the proceedings below and affirm the judgment.
 {¶ 2} In common pleas court case no. 496593, appellant alleged that she was injured on March 24, 2000, when the automobile she was operating was struck from the rear by an automobile operated by appellee Konrad. In case no. 505557, she alleged that she was injured again on June 4, 2000, when her vehicle was struck from the rear a second time, this time by a vehicle operated by appellee Halleland. The two cases were consolidated in the trial court and were tried together.
 {¶ 3} Prior to trial, the court determined that appellant was not negligent in either collision. Both appellees admitted they were negligent. The parties agreed that any injuries appellant suffered from the two collisions were indivisible and incapable of allocation. Therefore, the parties were prohibited from arguing that one appellee should be held liable for less than another; any liability would be joint and several.
 {¶ 4} At trial, the jury heard the testimony of appellant herself as well as her treating physician, Dr. John Nichols. The defense presented the testimony of each appellee and expert witness Dr. Kim Stearns. A list of appellant's medical expenses was admitted into evidence without objection. This list indicated that plaintiff's total expenses were $43,213.59, as follows:

Provider Dates of Treatment Charges
Southwest General Health 03/25/00 $642.25
Center
Emergency Professional 03/25/00 $197.00
Services, Inc.
Drs. Hill Thomas 03/25/00 $102.50
Northcoast Pain Mgmt 04/03/00 — 04/29/02 $24,941.00
Rehabilitation Center, Inc.
Regional Diagnostics 06/01/00, 06/06/00, $2340.00
 07/28/00
Cleveland Clinic — Dr. Saeed 02/21/01, 04/04/01 $284.00
Cleveland Clinic — Dr. Miller 02/28/01, 03/16/01 $737.00
 03/30/01, 04/17/01
Cleveland Clinic — Physical 02/01/01 — 05/03/01 $2382.00
Therapy
Jack Anstandig, M.D., Inc. 04/04/02 — 10/08/03 $2676.00
Southwest General Health 11/25/02 $ 46.50
Center
Regional Diagnostics 03/10/03, 5/23/03 $2808.00
Parma
Kmart Pharmacy 04/11/00 — 9/17/03 $5453.00
RiteAid Pharmacy 06/06/00 — 07/03/02 $425.71
CVS Pharmacy 10/25/00 — 01/02/03 $178.63
 {¶ 5} Appellant asked the court to submit the following interrogatory to the jury:
 {¶ 6} "By a preponderance of the evidence as a direct and proximate result of the automobile collisions of 3/24/00 and 6/4/00, what amounts do you find that Plaintiff, Cheryl Metter, was damaged for:
 "a. Past Medical Expenses $ "b. Past Lost Wages or Earnings $ "c. Past Pain and Suffering $ "d. Past Loss of Pleasure Due to His Inability to Perform His Usual Activities $ "e. Future Medical Expenses $ "f. Future Lost Wages or Earnings $ "g. Future Pain and Suffering (Permanency) $ "h. Future Loss of Pleasure Due to His Inability to Fully Perform His Usual Activities $__________"
 {¶ 7} The court rejected this request. However, the court instructed the jury:
 {¶ 8} "In deciding an amount for the Plaintiff then you will consider the nature and extent of the injury, the affect [sic] upon physical health, the pain and suffering that was experienced, the ability or inability to perform usual activities, and the reasonable cost of necessary medical and hospital expenses incurred. From these you will determine what sum will compensate the Plaintiff for the injury to the date of trial. That would be known as compensatory damages.
 {¶ 9} "However, in this case, at the request of the attorneys, the damages are to be, if awarded to the Plaintiff, to be awarded in two respects: One is from the date of the accidents until the date of trial; but then there is a claim that the Plaintiff also has injuries which are permanent and that the Plaintiff will incur future expense, or that the Plaintiff will experience pain or disability in the future. Now, as to such claims, no damage may be found expecting [sic] that which is reasonably certain to exist as a proximate result of the injury.
 {¶ 10} "* * * if you come to consider, in addition to damages from the date of the accidents until the date of today, the date of trial, and then consider damages beyond today that are claimed to be permanent, any amounts that you have determined will be awarded to the Plaintiff for any elements of damages shall not be considered again or added to any other element of damage. You shall be cautious in your consideration of damages not to overlap or duplicate the amounts of your award which would result in double damages."
 {¶ 11} The jury awarded plaintiff damages in the amount of $941.75.
 {¶ 12} In her first assigned error, appellant argues that the court erred by refusing her request for a jury interrogatory specifying the amount awarded for each type of damages she sought. In Fantozzi v. Sandusky Cement Products Co. (1992),64 Ohio St.3d 601, the Ohio Supreme Court held that a special interrogatory may be submitted to the jury asking the jury to state separately the damages awarded for "pain and suffering" on the one hand, and "loss of usual function" on the other, as well as other elements of damages. The court suggested that a separate interrogatory, taken together with Ohio's standard jury instructions regarding damages, "would help the jury understand exactly what claimed damages it is addressing. This adds more clarity and objectivity to this part of the jury's determination." Id. at 617. The court further noted that separate jury findings would enhance the appeal process. Id.
 {¶ 13} However, as we have previously noted, Fantozzi does not require that the court give a special interrogatory.Patton v. Cleveland (1994), 95 Ohio App.3d 21, 26. "A judge does not have a mandatory duty to submit all written interrogatories to the jury, rather, he retains the discretion to reject proposed interrogatories that are ambiguous, redundant, or legally objectionable." Rich v. McDonald's Corp.,155 Ohio App.3d 1, 5-6, 2003-Ohio-5373, ¶ 14.
 {¶ 14} In this case, although the trial judge's stated reason for rejecting the interrogatory was probably incorrect,[1]
the court nevertheless correctly rejected the interrogatory because it asked the jury to assess plaintiff's damages for past and future lost wages, although there was no evidence of lost wages and the jury had not been instructed to award them. "A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 96. Nor is it the trial court's role in an adversary system to correct the content of a proposed interrogatory submitted by counsel. Therefore, we overrule the first assignment of error.
 {¶ 15} Second, appellant contends that the damages award contravenes the manifest weight of the evidence because the jury awarded her nothing for pain and suffering, although it awarded her damages for her injuries. Judgments supported by some competent credible evidence going to all the essential elements will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. The $941.75 damages award was equal to the expenses associated with appellant's emergency room visit after the first accident. If the jury found no continuing injury from these accidents, it was within the jury's province to find no compensable pain and suffering. See Baughman v. Krebs (Dec. 10, 1998), Cuyahoga App. No. 73832. Therefore, we cannot say the damages award contravened the manifest weight of the evidence, and overrule the second assignment of error.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco and Calabrese, Jr., J. Concur Karpinski, P.J. Dissents(see attached dissenting opinion)
[1] The trial judge considered the interrogatory to be a special verdict. Special verdicts have been abolished in Ohio. Civ.R. 49(C). However, Fantozzi does not construe the kind of interrogatory presented here as a special verdict.
 DISSENTING OPINION