DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Thomas Hissong, et al, appeals the decision of the Summit County Court of Common Pleas granting Appellee's (George Ford Construction, Inc.) motion to stay proceedings and compel arbitration. We affirm.
 {¶ 2} Appellants and Appellee had entered into a contract in August of 2003 for the building of a new home. The contract included the following provision:
"Binding Arbitration: If [Appellants] and [Appellees] cannot reach an agreement with respect to any disputed items, upon written request to the Home Builders Association of greater Akron ("HBA") by either [Appellants] or [Appellees], the controversy or claim will be submitted to arbitration under the rules and procedures of the HBA. The arbitration shall be final and binding, and upon any such award rendered by the arbitration board may be entered in any Court having jurisdiction thereof."
 {¶ 3} A dispute arose in the fall of 2004, which resulted in Appellee executing and filing an affidavit for a mechanics lien on November 12, 2004. On November 19, 2004, Appellee made a demand for arbitration upon Appellants, and also made and served a demand for arbitration on the Better Business Bureau of Akron, which conducts the arbitrations for HBA. By letter dated November 24, 2004, Appellants' attorney responded to Appellee: "Of course, my clients intend to honor the arbitration provision of the contract as it relates to George Ford Construction, Inc." The letter went on to state that Appellants' attorney intended to file an action against George Ford individually. Thereafter, the parties engaged in settlement negotiations and on November 30, 2004, reached a settlement agreement. Appellants failed to comply with the settlement agreement, and Appellee, on December 2, 2004, filed the underlying lawsuit. On December 8, 2004, Appellee filed a motion to stay proceedings and order arbitration.
 {¶ 4} The trial court conducted a hearing on Appellee's motion on February 7, 2005, and by order dated May 31, 2005, granted Appellee's motion. Appellants now appeal, asserting four assignments of error for our review. To facilitate ease of discussion, we will consider some of the assignments of error together and out of order.
 ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law by failing to rule on the validity of the arbitration clause before submitting the case to arbitration."
 ASSIGNMENT OF ERROR III
"The trial court erred as a matter of law by failing to determine the proper parties to the arbitration agreement as required under R.C. 2711.03(C)."
 ASSIGNMENT OF ERROR IV
"The trial court erred as a matter of law by failing to allow the parties to conduct discovery prior to a hearing on the enforceability of the arbitration agreement."
 {¶ 5} In their first, third and fourth assignments of error, Appellants argues that the trial court erred by staying the proceedings and compelling arbitration. Specifically, Appellants argue that the trial court erred by failing to rule on the validity of the arbitration clause, by failing to determine the proper parties to the arbitration agreement, and, finally, Appellants maintain that the trial court erred by failing to allow the parties to conduct discovery prior to a hearing on Appellee's motion to stay the proceedings and compel arbitration. Appellee argues that Appellants waived the above arguments by failing to properly raise them before the trial court. We affirm the decision of the trial court.
 {¶ 6} As an initial matter, we note that a trial court's decision granting motions to stay proceedings and compel arbitration is reviewed under an abuse of discretion standard.Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,410. Under an abuse of discretion standard of review, without a finding that the trial court acted unreasonably, arbitrarily or unconscionably, we will affirm the decision. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Questions of law, however, are reviewed under a de novo standard of review.
 {¶ 7} Ohio public policy favors enforcement of arbitration provisions. Harrison v. Toyota Motor Sales, U.S.A., Inc., 9th Dist. No. 20815, 2002-Ohio-1642, at ¶ 9. If the subject of a dispute arguably falls within an arbitration provision, a presumption arises favoring arbitration. Id. "[U]nless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute[,]" a court should require arbitration per the contract.Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 311.
 {¶ 8} Appellants' first assignment of error alleges that the trial court was required to, and erred by failing to, determine the validity of the agreement since they had raised a violation of the Consumer Sales Protection Act. Appellants do not cite to any case law in support of their argument that a trial court must make a specific finding that an arbitration clause is valid before compelling arbitration. In support of their argument, Appellants cite to Eagle v. Fred Martin Motor Co.,157 Ohio App.3d 150, 2004-Ohio-829. In Eagle, we noted that despite granting Appellee's motions to stay and compel arbitration, the trial court "did not make an explicit finding that the arbitration clause itself was either enforceable or conscionable." Eagle at ¶ 22. In that case we inferred from "fact that the court granted [Appellee's] motions to stay and compel, * * * [that] the trial court implicitly concluded that the arbitration clause [wa]s not unconscionable," and thus, was enforceable. Id.
 {¶ 9} In this case, as in Eagle, the trial court did not specifically mention that the arbitration clause was enforceable and conscionable, however, we may infer that it implicitly made such a finding as it granted Appellee's motions to stay and compel discovery. Unlike the appellant in Eagle, Appellants did not specifically raise issues of unconscionability and enforceability before the trial court. The issue of unconscionability is a question of law. Bank One NA v.Borovitz, 9th Dist. No. 21042, 2002-Ohio-5544, at ¶ 12. However, since Appellants did not specifically raise the issue of unconscionability in the lower court, they waived their right to do so on appeal. Accordingly, we overrule Appellants' first assignment of error.
 {¶ 10} In their third assignment of error, Appellants maintain that the trial court erred by failing to determine the proper parties to the arbitration agreement pursuant to the requirements of R.C. 2711.03. We disagree.
 {¶ 11} Appellants' argument regarding the trial court's failure to determine the proper parties to the arbitration agreement revolves around their desire to add George Ford individually, as a party. This Court has previously held that R.C. 2711.03 requires the trial court to determine the proper parties prior to ordering the parties to arbitration. BradleyDev. Co., Inc. v. Northern Ohio Sewer Contracting, Inc. 9th Dist. No. 03CA008249, 2003-Ohio-6123, at ¶ 10. Unlike this Court's prior decision in Bradley Development Co., the trial court did not refer Appellants' motion to add a party to the arbitrator. Rather, the docket simply reflects that no formal order was issued denying that motion.
 {¶ 12} Typically, if a trial court fails to rule on a pending motion prior to entering judgment, it will be presumed on appeal that the motion in question was implicitly denied. Lorence v.Goeller, 9th Dist. No. 04CA008556, 2005-Ohio-2678, at ¶ 47. As the trial court in the instant case did not rule on Appellants' motion to add George Ford, we will treat that motion as having been denied.
 {¶ 13} We find that the trial court did not err in denying Appellants' motion because the undisputed facts indicate that George Ford signed the contract unambiguously as a representative of George Ford Construction, Inc., and was not individually a party to the contract which contains the arbitration provision. Accordingly, there exists no mechanism to compel George Ford, individually, to submit to arbitration.[1] Thus, we overrule Appellants' third assignment of error.
 {¶ 14} In Appellants' fourth assignment of error, they claim that the trial court erred by failing to allow the parties to conduct discovery on the issue of enforceability of the arbitration provision prior to the hearing. Appellee argues that Appellants failed to raise the issue of discovery on the scope of the arbitration provision at the trial court level, and thus, Appellants waived their right to assert those issues on appeal. Having reviewed the record before us and the transcript of the hearing on Appellee's motions to stay and compel arbitration, we agree with Appellee that Appellants did not specifically raise the above issue. Appellants requested general discovery pertaining to the merits of the parties' claims, but did not request discovery on the issue of enforceability of the arbitration provision. As such, Appellants have waived their right to assert the issue on appeal, and we overrule their fourth assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred as a matter of law by submitting the consumer sales protection act (CSPA) claim to arbitration."
 {¶ 15} While in their second assignment of error, Appellants argue that the trial court erred by submitting the consumer sales protection claim to arbitration, they acknowledge that R.C. 1345 "does not expressly prohibit arbitration clauses in consumer sales contracts," and that "[t]his Court has previously held that arbitrating a CSPA claim does not deprive the claimant of any remedies prescribed by R.C. Chapter 1345."
 {¶ 16} "[T]he United States Supreme Court has noted that statutory claims may be arbitrated so long as the claimant `effectively may vindicate [his or her] statutory cause of action' through arbitration." Eagle at ¶ 27, quoting Gilmer v.Interstate/Johnson Lane Corp. (1991), 500 U.S. 20, 28,114 L.Ed.2d 26. Appellants argue that their statutory claims are not subject to arbitration because the "BBB (Better Business Bureau) rules prevent the arbitrator from awarding the statutorily prescribed remedies." Specifically, they claim that "[u]nder Rule 3, [of the BBB rules] an arbitrator is not allowed to award punitive damages or damages in excess of actual damages without a specific agreement between the parties to award these damages." We find no such limitation.
 {¶ 17} Rule 3 of the BBB arbitration rules governing disputes subject to pre-dispute binding arbitration clauses provides as follows: "The arbitrator may award any remedy that is permitted under applicable law; provided, however, that the arbitrator may not award any remedies that the parties have agreed may not be awarded in arbitration." There is nothing to suggest that punitive damages are not awardable, nor is there anything to suggest that damages in excess of actual damages, pursuant to the statutory provisions, are not awardable. The only limitation that Rule 3 provides is that if the parties specifically agreed that certain remedies could not be awarded in arbitration, then the arbitrator could not award those agreed upon remedies.
 {¶ 18} The parties in this case did not place any limitations on the arbitrator's award, thus, any statutorily permitted damages are awardable. We are not persuaded by Appellants' argument that the trial court erred by submitting the CSPA claim to arbitration. Accordingly, Appellants' second assignment of error is overruled.
 {¶ 19} We overrule Appellants' four assignments of error and affirm the decision of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Whitmore, J. concurs.
[1] This Court does not rule on the ability of appellant to add George Ford as a party to the lawsuit. Our holding is limited to a finding that he was properly excluded from the arbitration proceeding.