JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ljubomir Pesic ("Pesic"), appeals the trial court's award of damages after a bench trial on his personal injury claim against defendant-appellee, Michael Pezo ("Pezo"), administrator for the estate of Stephen Pezo. He also appeals the trial court's denial of his motion for a new trial. Finding no merit to the appeal, we affirm.
 {¶ 2} Stephen Pezo, who is now deceased, rear-ended Pesic in a motor vehicle accident. Pesic subsequently filed suit in Parma Municipal Court. Although liability was admitted, the parties disputed the issues of causation and damages. The matter proceeded to a bench trial, where the following evidence was presented.
 {¶ 3} On July 26, 2006, Pesic was rear-ended by Stephen Pezo in North Royalton. Pesic did not experience any symptoms related to the accident until the next day when he began feeling pain in his neck and left shoulder. He testified that he called his primary physician the day following the accident and informed him that he was in an accident. Because his physician told him that he did not handle "cases of car accidents," Pesic contacted his attorney, who referred him to Parmatown Spinal Rehab Center where he was treated by Stevan Levak, a chiropractor.
 {¶ 4} Pesic treated with Levak for a total of 24 visits over a three and one-half month period. His treatment included massage therapy, electric muscle stimulation therapy, and doing certain exercises — all designed to treat the pain in his shoulder, neck, and upper back. Pesic testified that after a month's treatment, he experienced significant improvement. The total cost of the chiropractic treatment was $4,076. *Page 4 
 {¶ 5} On cross-examination, Pesic stated that he incurred approximately $800 in property damage to his vehicle as a result of the accident.
 {¶ 6} He further acknowledged that, prior to retiring, he had moved office equipment for a living and had filed two worker's compensation claims related to injuries sustained to his back. He received physical therapy in both instances. He denied experiencing any pain related to those injuries after he completed his physical therapy.
 {¶ 7} Pesic also denied ever being involved in any other motor vehicle accidents. Upon opposing counsel presenting him with certified copies of two complaints involving motor vehicle accidents wherein Pesic was the named plaintiff in each lawsuit, he stated that he did not recall either case or recall ever sustaining injuries in a motor vehicle accident. Upon further questioning by the trial judge, Pesic acknowledged that he had been a client of the attorney who filed the complaints but did not recall either case.
 {¶ 8} Levak testified on Pesic's behalf and stated that he treated Pesic and diagnosed him as having sustained a sprain/strain to the neck, upper back, and left shoulder. He further opined to a reasonable degree of chiropractic certainty that the July 26, 2006 car accident caused the injuries.
 {¶ 9} On cross-examination, Levak testified that Pesic did not report having sustained any prior injuries or that he was ever involved in any other motor vehicle accidents when providing his medical history. He further acknowledged that Pesic treated for over 15 weeks despite Levak's initial recommendation of only six weeks *Page 5 
of treatment. On re-cross, he stated that all of Pesic's treatments were necessary to make Pesic "feel better."
 {¶ 10} The trial court found in favor of Pesic and awarded $1,326 in damages. In rendering the verdict, the trial court stated that Pesic's treatment was reasonable and necessary through August 2006, but believed that his additional treatment was solely to build a stronger lawsuit. The court further indicated that the evidence of the other lawsuits filed by Pesic involving motor vehicle accidents severely undermined Pesic's credibility given that he denied same.
 {¶ 11} Pesic subsequently filed a motion for a new trial, which the trial court denied.
 {¶ 12} Pesic appeals, raising the following six assignments of error:
 {¶ 13} "[I.] The trial court erred by denying plaintiff's motion for a new trial, based on the trial court awarding damages under the influence of passion or prejudice.
 {¶ 14} "[II.] The trial court erred by not awarding the entire amount of medical expenses in light of the prima facie evidence submitted at trial.
 {¶ 15} "[III.] The trial court erred by not awarding damages for pain and suffering against the manifest weight of the evidence.
 {¶ 16} "[IV.] The trial court erred by allowing evidence of and taking judicial notice of lawsuits allegedly filed by plaintiff against other parties.
 {¶ 17} "[V.] The trial court erred by permitting defense counsel to imply causation without expert testimony. *Page 6 
 {¶ 18} "[VI.] The trial court erred by admitting into evidence and considering irrelevant evidence."
 {¶ 19} Because many of these assignments of error are interrelated, we will address them together and out of order where appropriate.
 {¶ 20} The crux of Pesic's arguments is that the trial court should have granted his motion for a new trial because the verdict, which he claims was wholly inadequate, was the result of passion and prejudice and against the manifest weight of the evidence.
 {¶ 21} Initially, we note that the assessment of damages lies "so thoroughly within the province of the [trier of fact] that a reviewing court is not at liberty to disturb the [trier of fact's] assessment" absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive or inadequate. Moskovitz v. Mt. SinaiMed. Ctr., 69 Ohio St.3d 638, 655, 1994-Ohio-324; see, also, Civ. R. 59(A)(4) (inadequate damages, appearing to have been given under the influence of passion or prejudice, are grounds for a new trial). A reviewing court should not find that a verdict is inadequate unless "the inadequacy of the verdict is so gross as to shock the sense of justice and fairness, or the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or it is apparent that the jury failed to include all the items of damages comprising a plaintiff's claim."Pearson v. Wasell (1998), 131 Ohio App.3d 700, 709-710, citing lames v.Murphy (1995), 106 Ohio App.3d 627. *Page 7 
 {¶ 22} To determine whether a verdict was influenced by passion or prejudice, the court should consider the amount of damages returned and whether the record discloses that the verdict was induced by: "(a) admission of incompetent evidence, (b) misconduct on the part of the court or counsel, or (c) by any other action occurring during the course of the trial which can reasonably be said to have swayed the jury in their determination of the amount of damages that should be awarded."Fromson Davis Co. v. Reider (1934), 127 Ohio St. 564, 569; see, also,Rinehart v. Brown, 4th Dist. No. 05CA2854, 2006-Ohio-1912, ¶ 16.
 {¶ 23} The size of the verdict alone is insufficient to demonstrate passion or prejudice. Rinehart, supra, citing Airborne Express, Inc. v.Sys. Research Laboratories, Inc. (1995), 106 Ohio App.3d 498, 510. Instead, "[t]here must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the [factfinder]." Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 65; see, also, Sindel v. Toledo Edison Co. (1993),87 Ohio App.3d 525, 532; Weidner v. Blazic (1994), 98 Ohio App.3d 321,334-35; Petryszak v. Greegor, 9th Dist. No. 07CA0076, 2008-Ohio-4776.
 {¶ 24} The decision to grant or deny a motion for new trial rests in the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. Sharp v. Norfolk W. Ry.Co., 72 Ohio St.3d 307, 312, 1995-Ohio-224. An abuse of discretion is more than an error in judgment or a mistake of law; it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Further, a reviewing court *Page 8 
will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. MorrisCo. v. Foley Constr Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 25} Pesic argues in his first assignment of error that the trial court's allowance of two "unauthenticated" complaints filed in other lawsuits unduly influenced the verdict and that such evidence was inadmissible. He points to this evidence as being the source of the trial judge's passion and prejudice and the reason why the verdict is disproportionate. He likewise argues in his fourth and sixth assignments of error that the trial court improperly took judicial notice of the other lawsuits and that it improperly allowed Pezo to cross-examine him using the "irrelevant" complaints. We find that these arguments lack merit.
 {¶ 26} Here, contrary to Pesic's assertion, the record reveals that Pezo cross-examined and impeached Pesic's testimony using certified copies of two complaints involving motor vehicle accidents wherein Pesic was the named plaintiff. Pesic never challenged the authenticity of the complaints below and therefore is precluded from doing so on appeal. SeeGeorge Ford Constr, Inc. v. Hissong, 9th Dist. No. 22756, 2006-Ohio-919, ¶ 9
(appellant's failure to raise the argument in the trial court waived the issue on appeal). These complaints were introduced only after Pesic denied being in any other motor vehicle accidents. Thus, these documents were not used to refresh Pesic's recollection; rather, they were introduced to impeach his testimony on cross-examination. *Page 9 
 {¶ 27} A trial court is afforded discretion in making evidentiary rulings and a reviewing court will not reverse a trial court's decision unless the record demonstrates that the trial court abused its discretion. State v. Sage (1987), 31 Ohio St.3d 173, 180; see, also,In re Rine, 5th Dist. No. 2007CA00026, 2008-Ohio-170.
 {¶ 28} Evid. R. 611(B) provides that the scope of cross-examination extends to "all relevant matters and [to] matters affecting credibility." Further, under Evid. R. 613(B)[1] and 801(D)(2), [2] the admissions of a party-opponent may be introduced into evidence for purposes of impeachment. See Wagner v. Galipo (1994),97 Ohio App.3d 302, 311 (admissions contained in tax records related to assets owned by the defendant were admissible under Evid. R. 613(B) and 801(D)(2) after defendant denied having assets); see, also, Hocking Valley Ry. Co. v.Helber (1915), 91 Ohio St. 231 (an opposing party can use pleadings to impeach). Thus, in this case, the evidence of the certified copies of the two complaints were admissible after Pesic denied being involved in any other motor vehicle accidents. *Page 10 
 {¶ 29} The evidence was relevant to Pesic's credibility as well as his claim for damages. See Wagner, supra. First, given that the defense's theory at trial was that Pesic over-treated for his injuries as a means to build a stronger lawsuit, his credibility was a critical issue to the defense's case. Second, the evidence of the other motor vehicle accidents, in which Pesic alleged in one of the lawsuits to have sustained "severe" injuries, undermined Levak's expert opinion because Levak had no knowledge of other injuries when rendering his opinion. Further, the trier of fact may have found that Pesic's complaint of pain and suffering was related to other accidents instead of the minor car accident in this case. Accordingly, we cannot say that the trial court abused its discretion in allowing defense counsel to read excerpts of the certified copies of the complaints into evidence. Nor do we find any error in the trial court making a determination as to Pesic's credibility based on his denial of being involved in any other motor vehicle accidents. See Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81 (issues of credibility fall within the province of the fact-finder).[3]
 {¶ 30} As for Pesic's claim that the trial court improperly took judicial notice of these two other lawsuits, we find that this claim is not supported in the record. To the contrary, as discussed above, opposing counsel introduced certified copies of complaints filed by Pesic, which both the trial judge and Pesic's counsel reviewed. *Page 11 
Thus, Pesic's reliance on Charles v. Conrad, 10th Dist. No. 05AP-410,2005-Ohio-6106, for the proposition that a trial court is precluded from taking judicial notice of other lawsuits is misplaced. Here, the trial court did not take judicial notice; rather, Pezo presented evidence of the other lawsuits. Notably, Pesic never objected to the authenticity of such evidence.
 {¶ 31} We also find no merit to Pesic's claim that the evidence of his previous worker compensation injuries was irrelevant. First, Pesic never objected to opposing counsel's questioning of his worker compensation injuries and therefore has waived this argument on appeal. SeeHissong, supra. But even if he had raised an objection, the evidence would have been admissible. This evidence directly related to Pesic's purported injuries, corresponding damages, and the issue of causation.
 {¶ 32} Accordingly, we find no evidence in the record that "wrongfully inflamed the sensibilities" of the trier of fact, and, therefore, the trial court did not abuse its discretion in denying Pesic's motion for a new trial. The first, fourth, and sixth assignments of error are overruled.
 {¶ 33} We further find that Pesic's arguments in his second and third assignments of error that the verdict is inadequate and against the manifest weight of the evidence fail. Pesic argues that the trier of fact erred in failing to award the full amount of medical expenses, namely, $4,076, because he presented uncontroverted evidence of the necessity and reasonableness of the expenses. Specifically, he claims that, unlike Pezo who presented no expert testimony, he presented the expert *Page 12 
testimony of Levak, who conclusively proved that the $4,076 was reasonable and necessary. This argument, however, is flawed.
 {¶ 34} First, Pesic's evidence was not uncontroverted. Pezo disputed the necessity and reasonableness of Pesic's medical expenses, the nature of Pesic's injuries related to the underlying accident, and Pesic's course of treatment. Indeed, Pezo effectively poked numerous holes in Levak's and Pesic's testimony regarding these issues. Pezo elicited testimony that Pesic waited a week prior to seeking any treatment, that Pesic never went to the hospital for his purported injuries, that Pesic suffered prior back-related injuries, and that Pesic continued to receive treatment beyond the initially recommended six weeks despite feeling "marked improvement" at that time. Pezo further demonstrated that Pesic failed to provide an accurate history of his other injuries to Levak, thereby compromising the credibility of Levak's expert opinion.
 {¶ 35} Second, even if the evidence was uncontroverted, Pesic's argument "still faces difficulty because it ignores the fact that plaintiffs bear the burden of persuasion on all dispositive issues."Welch v. Ameritech Credit Corp., 10th Dist. No. 04AP-1123,2006-Ohio-2528, ¶ 13. The mere fact that testimony is uncontradicted, unimpeached, and unchallenged does not require the trier of fact to accept the evidence if the trier of fact found that the testimony was not credible. Bradley v. Cage, 9th Dist. No. 20713, 2002-Ohio-816. "The trier of facts always has the duty, in the first instance, to weigh the evidence presented, and has the right to accept or reject it." Ace SteelBaling v. Porterfield (1969), 19 Ohio St.2d 137, 138; *Page 13 
see, also, Rogers v. Hill (1998), 124 Ohio App.3d 468, 470. Thus, in awarding $1,326 — the cost of Pesic's medical treatment through the end of August 2006 — the trial court obviously found that any treatment after that date was unnecessary, unreasonable, or unrelated to the underlying accident.
 {¶ 36} Accordingly, based on Pesic's inconsistent testimony and Levak's admission that Pesic never reported his previous injuries, the trier of fact could have found that both Pesic's and Levak's testimony were not credible. Further, given that the medical records indicated that Levak's initial recommendation was for only six weeks of treatment and that Pesic indicated that he had "marked improvement" by August 2006, we find that the award is supported by some competent credible evidence and should not be disturbed.
 {¶ 37} Likewise, we find no merit to Pesic's claim that the damages award contravenes the manifest weight of the evidence because the trial court awarded him nothing for pain and suffering, although it awarded him some damages for his medical expenses. Contrary to Pesic's assertion, an award for pain and suffering is not automatic even if the plaintiff is awarded damages for medical expenses. See Metier v.Konrad, 8th Dist. No. 85271, 2005-Ohio-4290, ¶ 15. As this court has previously stated, "[i]t does not follow that in a matter wherein a jury awards damages for medicals * * * that automatically an award for pain and suffering must follow. Evidence relative to pain and suffering in damage evaluations is within the province of the fact-finder." Baughman v.Krebs (Dec. 10, 1998), 8th Dist. No. 73832. *Page 14 
 {¶ 38} Thus, if the fact-finder found that there was no continuing injury from the underlying accident or that any pain and suffering was de minimis, it was within the fact-finder's province to find no compensable pain and suffering. See, e.g., Metier, supra at ¶ 15;Welch, supra at ¶ 41. Further, the fact-finder may have found that Pesic's claim of pain and suffering was not related to the underlying accident, but rather, due to his prior injuries. Therefore, we cannot say the damages award contravened the manifest weight of the evidence, and overrule the second and third assignments of error.
 {¶ 39} Finally, in Pesic's fifth assignment of error, he argues that the trial court erred in allowing Pezo to imply alternative theories of causation without producing an expert. But the plaintiff has the burden of persuasion, not the defendant. See Welch, supra. Additionally, Pesic admitted on cross-examination that he suffered two prior injuries to his back and failed to object to the questioning that he now claims was improper. See Hissong, supra. To the extent that Pezo successfully attacked Pesic's and Levak's testimony on cross-examination, we cannot say that it was improper. The fifth assignment of error is overruled.
 {¶ 40} In sum, we find no evidence in the record that the fact-finder's assessment of damages was the result of passion or prejudice. To the contrary, the damages award is supported by competent credible evidence and therefore we will not disturb the verdict.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed. *Page 15 
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] Evid. R. 613(B) provides in pertinent part: "Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply: (1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require; [and] (2) The subject matter of the statement is one of the following: (a) A fact that is of consequence to the determination of the action other than the credibility of a witness[.]"
[2] Evid. R. 801(D)(2) provides in relevant part that a statement is not hearsay if: "The statement is offered against a party and is (a) the party's own statement, in either an individual or representative capacity; * * * (c) a statement by a person authorized by the party to make a statement concerning the subject[.]"
[3] Indeed, the fact-finder may have also reasonably doubted Pesic's credibility in light of his failure to accurately report his history of injuries to Levak. *Page 1