DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, First Ohio Banc Lending, Inc., et al., appeal from the judgment of the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} This action arises out of agreements between Appellees, Lynn Strickler and Keith Krese ("Borrowers"), and Appellants, First Ohio Banc Lending, Inc., and its employees, James Priebe and Jacob Harmon, (collectively "First Ohio Banc"), whereby First Ohio Banc provided home mortgage financing to Borrowers. As part of their agreement, First Ohio Banc required Borrowers to sign an Arbitration Agreement ("the Agreement").
 {¶ 3} On July 27, 2007, Borrowers filed a complaint against First Ohio Banc alleging both class action and individual claims. Borrowers amended their complaint on October 17, 2007. Substantively, Borrowers asserted claims for breach of fiduciary duty to make a full advance disclosure of payment from the Lender, a claim for failure to provide a mortgage loan *Page 2 
origination disclosure statement, violation of the Ohio Mortgage Broker Act, violation of the Ohio Consumer Sales Practice Act and a claim for fraudulent inducement. First Ohio Banc filed a motion to stay proceedings pending arbitration on November 13, 2007.
 {¶ 4} On May 22, 2008, the trial court entered an order denying the motion to stay, stating "the arbitration provision specifically provides that it does not apply to class action disputes. Plaintiffs' Complaint and Amended Complaint have both asserted class action claims." First Ohio Banc filed a motion to vacate/motion for reconsideration of the trial court's order. On August 15, 2008, the trial court issued an order denying First Ohio Banc's motion to vacate and/or motion for reconsideration. First Ohio Banc timely appealed the trial court's decision. It has raised one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN HOLDING THAT THE ARBITRATION AGREEMENT DOES NOT APPLY TO CLASS ACTIONS."
 {¶ 5} In First Ohio Banc's sole assignment of error, it argues that the trial court erred in holding that the Agreement does not apply to class actions. We disagree.
 {¶ 6} First Ohio Banc's assignment of error provides a roadmap for the court and directs our analysis of the trial court's judgment. See App. R. 16. However, First Ohio Banc has raised several other grounds for reversal under this assignment of error beyond its stated argument that the trial court erred in holding that the Agreement does not apply to class actions. Pursuant to App. R. 12(A)(2) and App. R. 16(A), we confine our review to First Ohio Banc's arguments concerning whether the trial court erred in holding that the Agreement does not apply to class actions, as this is the argument set forth as First Ohio Banc's assignment of error. *Page 3 
 {¶ 7} When addressing whether a trial court has properly granted or denied a motion to stay proceedings and compel arbitration, the standard of review is abuse of discretion. Carter Steel Fabricating Co. v.Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254; Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Questions of law, however, are reviewed under a de novo standard of review. George FordConstr., Inc. v. Hissong, 9th Dist. No. 22756, 2006-Ohio-919, at ¶ 6.
 {¶ 8} Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. Maestle v.Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, at ¶ 14. A party may choose to move for a stay, petition for an order to proceed to arbitration, or seek both. Id. at ¶ 18. In Maestle, the Supreme Court of Ohio noted that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures which serve different purposes. Id. at ¶ 17.
 {¶ 9} Regarding a motion for a stay of proceedings, the trial court is required, pursuant to R.C. 2711.02, to assess the arbitrability of the action pending in court, and "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall *** stay the trial of the action until arbitration of the issue has been had in accordance with the agreement[.]" R.C. 2711.02(B).
 {¶ 10} A review of the Agreement reveals that it expressly excludes class action claims from arbitration:
 "Only disputes involving you and us may be addressed in the arbitration. The arbitration may not address any dispute on a `class action' basis. This means that *Page 4 
the arbitration may not address disputes involving other persons which may be similar to the disputes between you and us."
Further, the Agreement provides that
 "IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A DISPUTE, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT OR TO HAVE A JURY TRIAL ON THAT DISPUTE ***. FURTHER YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY DISPUTE SUBJECT TO ARBITRATION. *** OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. IT IS IMPORTANT THAT YOU READ THIS ENTIRE DOCUMENT CAREFULLY BEFORE SIGNING."
 {¶ 11} The Agreement clearly states that a signator to the Agreement "will not have the right to participate as a representative or member of any class of claimants pertaining to any dispute subject toarbitration" (Emphasis added.) The Agreement does not, however, prohibit a signator from participating as a class representative or member in any non-arbitrable dispute. Given that the Agreement expressly states that a class action claim is not subject to arbitration, it logically follows that a signator to the Agreement may participate as a class representative or member of a dispute that constitutes a class action claim.
 {¶ 12} The Agreement defines the term "disputes", but, contrary to First Ohio Banc's assertions on appeal, does not define the term "disputes subject to arbitration". We are guided by the axiom that the expression of one term implies the exclusion of the other. Newbury Twp.Bd. of Trustees v. Lomak Petroleum (Ohio), Inc. (1992),62 Ohio St.3d 387, 393. Through its use of the two different terms in the Agreement — disputes and disputes subject to arbitration — and its specific designation that a signator to the Agreement "will not have the right to participate as a representative or member of any class of claimants pertaining to any dispute subject to *Page 5 arbitration", First Ohio Banc has only prohibited class actions in disputes subject to arbitration. (Emphasis added.)
 {¶ 13} While we agree with the trial court's interpretation of the Agreement, we are aware that the Agreement is susceptible to more than one interpretation. We must, however, follow longstanding precedent and construe any ambiguities against the drafter of the contract. Kleve v.Thermo-Rite Mfg. Co., 9th Dist. No. 22205, 2005-Ohio-718, at ¶ 20, citing Fletcher v. Fletcher (1994), 68 Ohio St.3d 464, 471. Had First Ohio Banc intended only one interpretation of the Agreement, it could have expressly and unambiguously provided for such a construction. It did not.
 {¶ 14} First Ohio Banc's assignment of error is overruled.
 III. {¶ 15} First Ohio Banc's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 6 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
WHITMORE, J. CONCURS