DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Bradley Development Co., Inc. and Richard Beran, appeal the decision of the Lorain County Court of Common Pleas, which issued an order to compel arbitration proceedings between appellants and appellees, Northern Ohio Sewer Contracting, Inc. and Gary Prock. This Court reverses.
 I. {¶ 2} Bradley Development Co., Inc. ("Bradley") is an Ohio corporation engaged in the real estate development and contracting business and Richard Beran is the President of the company. Northern Ohio Sewer Contracting, Inc. ("NOSC") was an Ohio corporation engaged in the water and sewer main contracting business and its principal officer and shareholder was Gary Prock. On March 3, 1998, Bradley entered into a commercial construction contract with NOSC entitled "Sewer and Water Main Agreement" ("the Agreement"). The Agreement contained an arbitration clause. Richard Beran and Gary Prock both signed the Agreement in their corporate capacity of president of the respective companies.
 {¶ 3} Both appellants and appellees filed motions to compel arbitration as to the Agreement. The trial court issued an order granting appellants' motion compelling the parties to proceed to arbitration. Within its journal entry, the court ordered the arbitration panel to decide whether Richard Beran, in his individual capacity, is a party to the Agreement and, therefore, subject to the arbitration proceedings.
 {¶ 4} Appellants timely appealed and set forth four assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred when it failed to exercise its exclusive jurisdiction in a statutory action under O.R.C. § 2711.03 to make the determination concerning the existence of an arbitration agreement and its enforcement, compelling, or ordering the arbitration agreement pursuant to the agreement by means of a mandatory injunction."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred when it failed to summarily rule in a statutory action under O.R.C. § 2711.03, where the two issues the making of the agreement for arbitration and failure to comply with the agreement is not at issue, ordering and compelling the enforcement of the arbitration agreement by means of a mandatory injunction."
 THIRD ASSIGNMENT OF ERROR
"The trial court [erred] when it failed to enforce the arbitration agreement under O.R.C. § 2711.03 only against the corporation, Bradley Development Co. since an officer of a corporation who clearly signs a contract as an officer of the corporation only, has no personal obligation and is not a party to the contract."
 FOURTH ASSIGNMENT OF ERROR
"The trial court erred when it denied the motion to strike exhibit 2 attached to the brief in opposition to appellants['] various motions and appellees['] motion to dissolve and/or modify temporary stay."
 {¶ 5} In their four assignments of error, appellants argue the trial court erred in the decisions it made concerning the arbitration clause within the parties' Agreement.
 {¶ 6} As a preliminary matter, this Court addresses a jurisdictional issue with regard to this case. As the underlying action involves the enforcement of an arbitration agreement, R.C. 2711.03
governs the disputed proceedings. R.C. 2711.03 provides, in relevant part:
"The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, uponbeing satisfied that the making of the agreement for arbitration or thefailure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.
"* * *
"If a written agreement for arbitration is included in a commercial construction contract and the making of the arbitration agreement or thefailure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue, and the court shall hear and determine that issue." (Emphasis added.) R.C. 2711.03(A) and (C).
 {¶ 7} This Court finds that the statute clearly requires the trial court to make two preliminary findings before it issues an order directing the parties to proceed to arbitration in accordance with the Agreement. The trial court must find that both (1) the existence of an arbitration agreement and (2) a failure to comply with the agreement are not in dispute between the parties before the court compels arbitration proceedings. In the instant case, appellants are asserting that Richard Beran is not a party to the Agreement, as he signed the contract in his capacity as president of Bradley Development Co., and therefore cannot, as an individual, be made a party to the arbitration proceedings. This Court notes that implicit within a claim that Mr. Beran is not a party to the contract is a dispute that Mr. Beran has not agreed to submit to arbitration and no such agreement exists with regard to him. "It is well established that parties cannot be compelled to arbitrate disputes that they have not agreed in writing to arbitrate." Suttle v. DeCesare (July 5, 2001), 8th Dist. No. 77753.
 {¶ 8} The Eighth District Court of Appeals has addressed this same issue in Teramar Corp. v. Rodier Corp. (1987), 40 Ohio App.3d 39, a case with similar facts to the present appeal. In Suttle, the court summarized the Teramar case as follows:
"Teramar Corp. v. Rodier Corp. was an appeal to this appellate court from an order confirming an arbitration award as in the case at bar. Rodier sued both Teramar and its president Stakich and sought to compel arbitration of its claims against them. Rodier succeeded by assignment to a franchise agreement. The franchise agreement contained an arbitration clause and was signed on behalf of Teramar by its president, Stakich, in her corporate capacity. Stakich had also signed a guaranty agreement in her personal capacity, but the document did not contain an arbitration clause. Stakich objected to the court-ordered arbitration of the claims against her. The trial court, however, subsequently confirmed the arbitration award against both Teramar and Stakich individually.
"On appeal, this court found that the arbitration panel lacked subject matter jurisdiction to arbitrate the claims against Stakich in her individual capacity, because she had never signed a written agreement containing an arbitration clause. The Teramar court held that: the necessity of a written arbitration clause has been deemed by this court as jurisdictional." (Citation omitted.) Suttle.
 {¶ 9} In the instant appeal, appellees filed an arbitration demand against only Mr. Beran in his individual capacity. However, Mr. Beran signed the contract on behalf of Bradley Development Co., in his corporate capacity as the company's president. Appellants also filed an arbitration demand against appellees, specifically requesting that appellees correct their demand to refer to Bradley Development Co. and to delete Mr. Beran because he is not a party to the contract. Appellees responded with a motion to dismiss appellants' arbitration demand. When the trial court issued its journal entry concerning the parties' motions, it granted appellants' arbitration demand but it did not resolve the issue of whether or not Mr. Beran is a party to the contract which contains the arbitration clause. Instead, the court ordered the following:
"The parties shall proceed with an Arbitration Hearing in accordance with the relevant Sewer Agreement between the parties. As to the dispute regarding which Plaintiffs are the proper parties to the Sewer Agreement and any Arbitration proceedings, the Arbitration panel shall make that determination. All further proceedings in this matter shall be stayed pending the Arbitration."
 {¶ 10} In consideration of the above facts and relevant law, this Court finds that the trial court erred in ordering the parties to proceed to arbitration without first making the required findings pursuant to R.C. 2711.03. Specifically, the trial court did not find that both (1) the existence of an arbitration agreement and (2) a failure to comply with the agreement were not in dispute between the parties before it compelled the arbitration proceedings. R.C. 2711.03(C). Moreover, the court acknowledged in its journal entry that there was a dispute concerning who were the proper parties to the Agreement and yet it failed to determine the issue as mandated by R.C. 2711.03(C). Instead, the court ordered the arbitration panel to determine what parties are bound to the arbitration clause, a decision the statute clearly mandates the trial court to decide before it transfers jurisdiction over the case to the arbitration panel.
 {¶ 11} In view of the fact that this Court finds the trial court erred as a matter of law with regard to the above jurisdictional issue, this Court declines to analyze appellants' four assignments of error.
 III. {¶ 12} Accordingly, the judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
WHITMORE, J., and BATCHELDER, J. CONCUR.