[Cite as *Steese v. Canton Regency*, 2022-Ohio-4711.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD STEESE, ON HIS OWN BEHALF AND/OR BY AND THROUGH DEBORAH FLOWERS, POWER OF ATTORNEY | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | |
| | Case No. 2022CA00038 |
| CANTON REGENCY, ET AL., | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Stark County Court of Common Pleas, Case No. 2016CV02671

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    December 22, 2022

APPEARANCES:

For Plaintiff-Appellant

STACI L. ROTH
SEAN R. STEWARD
Schulman Roth & Associates, Co., LPA
235 Third Street, S.W.
Canton, Ohio 44702

For Defendants-Appellees

BRET PERRY
CHRISTOPHER MARS
Bonezzi Switzer Polito & Hupp, Co., LPA
1300 East 9th Street – Suite #1950
Cleveland, Ohio 44114

*Hoffman, J.*

{¶1} Plaintiffs-appellants Richard Steese, et al. appeal the March 7, 2022 Judgment Entry entered by the Stark County Court of Common Pleas, which granted defendants-appellees Canton Regency Canton Regency and Capital Senior Living ILM-B, Inc.'s motion to stay and enforce arbitration.

STATEMENT OF THE FACTS AND CASE

{¶2} On September 1, 2017, Appellant Richard Steese was admitted to Appellees' assisted living facility. As part of the admissions process, Appellant Deborah Flowers, Steese's daughter and power of attorney, executed a Residence and Services Agreement, which included a separate arbitration agreement.

{¶3} On June 25, 2019, Steese jumped/fell out a second-story window at the facility, sustaining serious and permanent injuries. Steese suffers from Alzheimer's Disease. At the time of the incident, Steese was experiencing hallucinations and delusions which told him to jump out of the window. Steese informed two different employees at Appellees' facility of his intention to jump. Steese was able to open a window and did, in fact, jump/fall therefrom.

{¶4} On December 14, 2020, Steese, on his own behalf and/or by and through Flowers, filed a complaint against Appellees, alleging negligence, medical malpractice, and violations of R.C. 3721.13, and seeking punitive and compensatory damages. Appellants also filed a motion for enlargement of time to file affidavit of merit pursuant to Civ. R. 10(D)(2), which the trial court granted via Judgment Entry filed December 15, 2020. On December 22, 2020, Appellees filed a motion to stay discovery until Appellants complied with Civ. R. 10(D)(2) and a motion for leave to file their answer after Appellees

produced an affidavit of merit. On January 4, 2021, Appellants filed an affidavit of merit. Appellees filed an amended answer with jury demand on January 14, 2021.

{¶5} Also, on January 14, 2021, the parties filed a joint motion to stay case for purposes of private mediation, which the trial court granted on the same day. In a motion filed May 6, 2021, Appellees asked the trial to vacate the order to stay and to reactivate the case to the active docket. Appellees advised the trial court the parties had attempted to mediate the case on April 16, 2021, but such was unsuccessful. On June 2, 2021, the trial court issued a judgment entry assigning relevant dates in the matter. On July 1, 2021, counsel for the parties met pursuant to Ohio Civ. R. 26(F). Appellees filed a proposed joint discovery plan on July 9, 2021.

{¶6} On January 19, 2022, Appellees filed a motion to stay and enforce arbitration agreement. Appellant filed a memorandum contra on February 7, 2022. Appellees filed a reply to Appellants' memorandum contra on February 25, 2022. Via Judgment Entry filed March 7, 2022, the trial court stayed the matter and ordered the parties to binding arbitration.

{¶7} It is from this judgment entry Appellants appeal, raising the following assignments of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT'S MOTION TO STAY THE CASE AND ENFORCE THE ARBITRATION CLAUSE.

II. THE TRIAL COURT WAS IN ERROR WHEN IT FAILED TO FIND THE ARBITRATION CLAUSE IN QUESTION TO BE UNCONSCIONABLE.

III. THE TRIAL COURT WAS IN ERROR WHEN IT FAILED TO FIND THAT THE ARBITRATION CLAUSE VIOLATES MEDICARE REGULATIONS.

I

**{¶8}** Like any other contractual right, the right to arbitrate may be waived. *Murtha v. Ravines of McNaughton Condominium Assn.,* 10th Dist. Franklin No. 09AP–709, 2010–Ohio–1325, ¶ 20. (Citation omitted). Due to Ohio's strong policy favoring arbitration, the party asserting a waiver has the burden of proving it. *Tinker v. Oldaker,* 10th Dist. Franklin No. 03AP–671, 2004–Ohio–3316, ¶ 18. (Citation omitted). "A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right." *Murtha*, supra at ¶ 21. (Citation omitted).

**{¶9}** In determining whether the totality of the circumstances supports a finding of waiver, a court may consider such factors as:

1) any delay in the requesting party's demand to arbitrate * * *;

2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date;

3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and

4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts.

**{¶10}** *Fries v. Greg G. Wright & Sons, L.L.C.*, 1st Dist. Hamilton No. C-160818, 2018-Ohio-3785, ¶ 28. (Citations omitted).

**{¶11}** "A waiver of the contractual right to arbitrate may arise by implication from a party's active participation in prosecuting or defending against a claim in litigation or from any acts that are otherwise inconsistent with the party's right to proceed with arbitration." *Id.* at ¶ 26. (Citation omitted).

**{¶12}** "[T]he question of waiver is usually a fact-driven issue and an appellate court will not reverse the trial court's decision absent a showing of an abuse of discretion." *Tinker*, supra at ¶ 20. (Citation and internal quotations omitted). The phrase "abuse of discretion" implies the trial court's attitude is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶13}** We find Appellees knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right.

**{¶14}** As to the first factor, the delay, we note Appellees did not file their motion to stay until 13 months after Appellants filed their complaint.

**{¶15}** Appellees suggest "this case has been in active litigation for just over nine (9) months" as the trial court stayed the matter "for nearly five (5) months to allow the

parties to engage in private mediation." Brief of Appellees at 9. Appellees cite to a number of cases which found delays of three to six months did not establish waiver of a party's right to arbitration. See, *Milling Away, LLC v. Infinity Retail Environments, Inc.,* Summit App. No. 24168, 2008–Ohio–4691 (6 month delay); *Mason v. Mason*, 5th Dist. Stark No. 2016CA00208, 2017-Ohio-5787 (4 month delay); *Donnell v. Parkcliffe Alzheimer's Community*, 6th Dist. Wood No. WD-17-001, 2017-Ohio-7982 (4 month delay); and *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 413 (1997) (3 month delay). Appellees conclude the delay in the instant matter does not establish their waiver of the right to arbitration.

{¶16} While we recognize a number of courts have found this general time period of three to six months insufficient to show waiver, we note other courts have found this general time period to be sufficient, depending upon the degree of participation in the litigation during this time period. See, e.g., *Chrysler Fin. Servs. Ams., L.L.C. v. Henderson*, 4th Dist. Athens No. 11CA4, 2011-Ohio-6813 (6 month delay). However, we need not engage in such a determination as the instant matter involves a delay of over one year. Although there was a delay of approximately four months while the parties attempted to mediate the case, Appellees waited an additional 9 months after the unsuccessful mediation before filing their motion to stay. The trial court had re-instated the case to the active docket and scheduled the jury trial. We find the time during which the parties engaged in mediation should not be subtracted from the overall delay in Appellees' filing their motion to stay.

{¶17} As to the second factor, participation in the litigation, we find Appellees' participation in the litigation was not passive. At the outset of the litigation, Appellees filed

a motion to stay discovery pending Appellants' compliance with Civ. R. 10(D)(2). The filing of an affidavit of merit would be unnecessary if Appellees intended to invoke their right to arbitration. On January 14, 2021, Appellees filed notice they had propounded their first set of interrogatories and production of documents on Appellants. Appellees also filed a notice of jury demand. In addition, also on January 14, 2021, the parties filed a joint motion to stay for purposes of private mediation. After mediation proved unsuccessful, Appellees filed a motion to vacate stay and reinstate the case to the trial court's active docket on May 6, 2021. The trial court issued a judgment entry, scheduling the initial pretrial, the final pretrial, and the jury trial on June 2, 2021. We find Appellees' participation weighs in favor of finding a waiver of their right to arbitration.

{¶18} We find the third factor is inapplicable. There is no evidence Appellees invoked the trial court's jurisdiction by filing a counterclaim or third-party complaint. This factor weighs in favor of Appellees.

{¶19} As to the fourth factor, the evidence establishes Appellants have been prejudiced by Appellees inconsistent acts. Appellees' actions resulted in Appellants having to secure the services of a doctor in order to obtain an affidavit of merit. In addition, Appellants had to bear the expenses of private mediation. Appellants have also been prejudiced by the delay caused by Appellees in this matter.

{¶20} Based upon the totality of the circumstances as discussed, supra, we find Appellees acted inconsistently with their right to arbitration; therefore, have waived such right.

{¶21} Appellants' first assignment of error is sustained.

II, III

**{¶22}** In light of our disposition of Appellants' first assignment of error, we find Appellants' second and third assignments of error are not ripe for review.

**{¶23}** The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with the law and this Opinion.

By: Hoffman, J.

Gwin, P.J.  and

Wise, John, J. concur