[Cite as *Brown v. JC Austintown, Inc.*, 2023-Ohio-553.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

CHARMAINE BROWN,

Plaintiff-Appellant,

v.

JC AUSTINTOWN, INC.

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0064**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 22 CV 96

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Fred M. Bean, Atty. Brian D. Spitz,* Spitz, The Employee's Law Firm, 25825 Science Park Drive, Suite 200, Beachwood, Ohio 44122 for Plaintiff-Appellant.

*Atty. Jennifer V. Sammon*, *Atty. James P. Sammon,* 2906 Weybridge Road, Shaker Heights, Ohio 44120 for Defendant-Appellee.

Dated:  February 21, 2023

**Robb, J.**

{¶1} Plaintiff-Appellant Charmaine Brown appeals the decision of the Mahoning County Common Pleas Court granting the motion to compel arbitration filed by Defendant-Appellee JC Austintown, Inc. dba Domino's Pizza. Appellant contends she demonstrated Appellee waived the right to demand arbitration of her claim by failing to provide a copy of or mention the arbitration agreement in a response letter to Appellant's letter giving notice of her claim. Alternatively, Appellant claims there was a genuine issue of material fact on waiver. For the following reasons, the trial court's judgment is affirmed.

## STATEMENT OF THE CASE

{¶2} Appellant filed a complaint against Appellee containing claims for disability discrimination, failure to accommodate, race discrimination, hostile work environment based on disability and race, retaliation, and wrongful termination in violation of public policy. The complaint made various factual allegations about confrontations with other employees and Appellant's termination after less than three weeks of employment as a delivery driver. After being served with the complaint, Appellee received a stipulated 30-day extension of time to file an answer.

{¶3} Within this extended time period, Appellee filed a motion to compel arbitration and to dismiss the case or a motion to stay the case pending arbitration in the alternative. *See Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 18 ("A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes."). Appellee attached the parties' one-page "Alternative Dispute Resolution Agreement" (which was signed by Appellant on August 6, 2020 and by her manager the next day). Appellee pointed out the claims in the complaint fell within the scope of the arbitration agreement, which says it "shall apply to any claim or dispute arising out of or related to the employment relationship or its termination including, but not limited to, claims of wrongful termination, harassment, discrimination, breach of contract, tort claims, violation of statute, non-payment of wages, and all other similar claims."

**{¶4}** The arbitration agreement said the parties agreed to final and binding arbitration of all claims while voluntarily and knowingly waiving any right to a jury trial (in all capital letters). The agreement's interpretation, scope, and enforcement and all procedural issues were to be governed by the Federal Arbitration Act (FAA), federal decisional law construing the FAA, and the Rules of the Arbitrator (who was to be selected from the American Arbitration Association). The arbitration fees were to be borne exclusively by Appellee (with each party bearing their own attorney's fees and costs). Any amendment was to be written and mutually executed.

**{¶5}** Appellant's opposition to the arbitration motion claimed Appellee waived any right to compel arbitration or to seek a stay pending arbitration by failing to invoke the arbitration agreement in pre-litigation correspondence. One of Appellant's attorneys attached an affidavit incorporating Appellant's January 15, 2021 letter to Appellee and a response letter from Appellee that did not mention an arbitration agreement.

**{¶6}** The January 15, 2021 letter provided notice of Appellant's representation by the named law firm regarding the claims identified in the letter. The alleged facts and some of the claims were recited. In the section discussing the manager's personal liability, the letter then seemed to switch to general remarks. In addition to asking to discuss a resolution over the phone, the letter stated:

> If we do not hear from you by February 12, 2021, we will draft and file the Complaint.
>
> In the alternative, if Charmaine has executed any documents that attempt to limit her right to pursue a jury trial, and/or reduce the statute of limitations to anything less than prescribed by statute, and/or agreeing to arbitration we demand that you immediately forward any and all agreements to our attention. * * *
>
> **Failure to produce any such agreement within thirty days will constitute your implied agreement to waive the option of arbitration and waive any contractual limitations short[en]ing the time to file a complaint.** [with a footnote citing a Texas appellate case]
>
> If required by any valid and executed agreement, please let this letter serve as Charmaine's written request to initiate arbitration and/or mediation.

Nothing in this letter is intended to waive Charmaine's rights to contest the

validity or enforcement of any arbitration or employment agreement.

(Emphasis original.) (1/15/21 Letter at 5-6). The letter then made requests to preserve evidence and legal statements on employment references.

{¶7} Appellee's February 24, 2021 response letter began, "I am the legal representative of JC Austintown, Inc. I have been asked to preliminarily respond to your letter dated January 15, 2021. My response will primarily deal with the facts at hand." This letter then contained the employer's rendition of facts with attached statements from managers about certain incidents. The letter ended by stating: "I will not comment on the claims that have been asserted under Ohio law. Such is not within the scope of this letter. This letter is mainly to inform you that the facts are much different than you have been led to believe and it is rather remarkable in such a short period that Ms. Brown claims to have experienced such direct and frank conversations, which she reported directly to the Manager. In my experience, there is more here than your client is telling you."

{¶8} Appellant's memorandum in opposition to arbitration argued Appellee's failure to produce or mention the arbitration agreement in this response letter waived arbitration. She also claimed she was entitled to a jury trial on the issue because she demonstrated a genuine issue of material fact on waiver.[1]

{¶9} Appellee replied by arguing the cited waiver factors worked in Appellee's favor (e.g., who invoked the court's jurisdiction, when arbitration was invoked, the extent of participation in the litigation, and prejudice). Appellee also emphasized the language in the letter disclosing counsel was merely providing a "preliminary response" which "will primarily deal with the facts at hand."[2]

---

[1] Appellant's opposition alternatively alleged the response letter's failure to mention the arbitration agreement constituted a new agreement, citing a Texas appellate case; however, the latter argument is not maintained on appeal.

[2] After pointing out the response letter was written by Appellee's prior counsel, Appellee's current counsel said he provided Appellant's attorney with the arbitration agreement when he was first engaged to represent Appellee. He did not disclose the date of this occurrence or submit an affidavit.

{¶10} On June 2, 2022, the trial court granted Appellee's motion to compel arbitration and dismissed the action. Appellant filed a timely notice of appeal.

ASSIGNMENT OF ERROR

{¶11} Appellant's assignment of error contends:

"THE TRIAL COURT ERRED IN GRANTING THE MOTION TO COMPEL ARBITRATION."

{¶12} Appellant states the arbitration agreement was waived when Appellee acted inconsistent with it by failing to mention arbitration when responding to her pre-litigation letter (quoted supra). She also points to the statutory right to a jury trial after one party seeks to compel arbitration but the other party sufficiently raises an issue justifying their failure to comply with the arbitration agreement (such as waiver).

{¶13} The FAA provides a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4." 9 U.S.C. 2. Likewise, Ohio's Arbitration Act provides a written arbitration agreement "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A). "Waiver is a ground that exists at law or in equity (in both Ohio and the federal system) for the revocation of any contract." *Med. Imaging Network, Inc. v. Med. Resources*, 7th Dist. Mahoning No. 04 MA 220, 2005-Ohio-2783, ¶ 20.

{¶14} Rather than staying the case pending arbitration under R.C. 2711.02, the trial court granted the request to compel arbitration under R.C. 2711.03 and dismissed the case. Pursuant to R.C. 2711.03(A), "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement." *See also* 9 U.S.C. 4 (which begins, "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court").

{¶15} In such case, the court will hear the parties and direct the parties to proceed with arbitration *if* "the making of the agreement for arbitration or the failure to comply with

the agreement is not in issue * * *." R.C. 2711.03(A). *See also* 9 U.S.C. 4 (direct the parties to proceed to arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue"). However, "if the issue of the making of the arbitration agreement or the failure to perform is in issue," then the court proceeds "summarily to the trial of that issue" with the court deciding the issue unless a party demanded a jury trial on that issue. R.C. 2711.03(B). *See also* 9 U.S.C. 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue" and a jury demand is made, then the court submits to the jury the question of whether "an agreement for arbitration was made in writing" or whether "there is a default in proceeding thereunder").

{¶16} Appellant argues "her failure to perform" the arbitration agreement is in issue if she states she need not perform the agreement because Appellee waived the right to enforce it. Still, she recognizes she is not entitled to a jury trial merely by making this claim or by requesting a jury trial on the issue in her response to the motion to compel. *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795, ¶ 33 (5th Dist.) ("A party to an arbitration agreement cannot obtain a jury trial merely by demanding one"). Appellant notes the courts are to analyze a motion to compel arbitration with a jury demand "as they would a summary judgment exercise, proceeding to trial where the party moving for the jury trial sets forth specific facts demonstrating that a genuine issue of material fact exists regarding the validity or enforceability of the arbitration agreement." *Id.* at ¶ 32, quoting *Garcia v. Wayne Homes, L.L.C.*, 2d Dist. Clark No. 2001 CA 53 (Apr. 19, 2002), citing *Cross v. Carnes*, 132 Ohio App.3d 157, 166, 724 N.E.2d 828 (11th Dist.1998) (pointing out federal case law interpreting 9 U.S.C. 4 instructs the courts to approach the matter as they would a summary judgment exercise).

{¶17} While Appellant therefore concludes our standard of review is de novo, Appellee states our standard is abuse of discretion. The standard of review depends on the issue raised in response to an arbitration motion, the type of motion, and the proceedings invoked thereby. "An assertion that a party waived an argument presents a mixed question of law and fact." *Gembarski v. PartsSource, Inc.*, 157 Ohio St.3d 255, 2019-Ohio-3231, 134 N.E.3d 1175, ¶ 26. "This court reviews de novo the legal question whether [the defendant's] conduct amounts to a waiver of the [arbitration] argument, but

we review the factual findings underlying the trial court's determination only for clear error" while "defer[ring] to the trial court's factual findings when those findings are supported by the record." *Id.*

{¶18} Accordingly, if the trial court, for instance, tried the issue raised on the failure to perform the arbitration agreement because a jury trial was not requested, then an abuse of discretion standard of review would apply to any factual decisions and a de novo standard would apply to any legal issues decided. If a jury trial was requested but the court found a jury trial was not required (as the alleged facts as presented were not legally sufficient to show the failure to perform was justified), then a de novo standard of review would apply on appeal. *See, e.g., Garcia*, 2d Dist. Clark No. 2001 CA 53 ("where, as here, the facts are undisputed, an appellate court must only determine whether the trial court's determination was appropriate as a matter of law"). We proceed accordingly.

{¶19} In presenting her argument, Appellant emphasizes the policy favoring arbitration contained in the FAA does not mean a court can create special procedural rules treating arbitration agreements more favorably than other contracts but merely acknowledges the "FAA's commitment to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and to place such agreements upon the same footing as other contracts." *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1713, 212 L.Ed.2d 753 (2022), quoting *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 302, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010). The federal policy favoring arbitration makes "arbitration agreements as enforceable as other contracts, but not more so." *Id.*, quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), fn. 12. As can be seen from the cases cited in *Morgan*, these principles are not new. *See also Henderson v. Lawyers Title Ins. Corp.*, 108 Ohio St.3d 265, 2006-Ohio-906, 843 N.E.2d 152, ¶ 26, 28 (a court cannot invalidate an arbitration agreement under a state law that applies only to arbitration; arbitration clause must be "placed on a par with other contract provisions").

{¶20} The FAA prohibits states from rejecting arbitration agreements where interstate commerce is involved (unless revocable on grounds for revoking any contract). *Perry v. Thomas*, 482 U.S. 483, 489, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). In a case involving interstate commerce, the Court observed, "state law, whether of legislative or

judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." (Emphasis original.) *Id.* at fn. 2. Appellant relies on the *Morgan* Court's observations that "the usual federal rule of waiver does not include a prejudice requirement" and contractual waiver "normally" does not require evidence of detrimental reliance. *Morgan*, 142 S.Ct. at 1713-1714. Notably, *Morgan* involved a federal court applying federal contract law and a nationwide class action lawsuit against an employer.

{¶21} Even where an arbitration agreement said the FAA applied, the Eighth District applied state law on waiver after pointing out the agreement did not involve interstate commerce. *American Gen. Fin. v. Griffin*, 8th Dist. Cuyahoga No. 99088, 2013-Ohio-2909, ¶ 10. "Ohio law can be applied to determine if a waiver of the right to arbitrate occurred because Ohio's law on waiving arbitration agreements is a ground existing at law or in equity for waiving the rights under any type of contract." *Id.* at ¶ 11. In a case where we questioned the existence of interstate commerce, we similarly held even if the FAA applied, the court need not utilize federal law to define the basic concept of waiver. *Med. Imaging*, 7th Dist. No. 04 MA 220 at ¶ 20.

{¶22} We point out Ohio does not impose a required element of prejudice for contract waiver. Waiver is the voluntary relinquishment of a known right. *Gembarski*, 157 Ohio St.3d 255 at ¶ 24, citing *White Co. v. Canton Transp. Co.*, 131 Ohio St. 190, 198, 2 N.E.2d 501 (1936). To establish waiver, the party seeking waiver has the burden to demonstrate the other knew of its right to assert the arbitration agreement and the totality of the circumstances establish this other party acted inconsistently with that right. *Id.* at ¶ 25. Although waiver can occur both expressly or by conduct inconsistent with the right, "[m]ere silence will not amount to waiver where one is not bound to speak." *Id.* at ¶ 24, quoting *White*, 131 Ohio St. at 198.

{¶23} "Prejudice is a factor to be considered in determining the totality of the circumstances surrounding inconsistent acts, but it is not a mandated element for waiver." *Med. Imaging*, 7th Dist. No. 04 MA 220 at ¶ 26. Notably, *Appellant quoted this below and acknowledged the available factors* in considering the totality of the circumstances of a party's waiver of arbitration included the following: whether the party invoked the trial court's jurisdiction; when the arbitration agreement was raised in the trial court; the extent

Case No. 22 MA 0064

of participation in the litigation; and the prejudice suffered by the party who asserts waiver. *Citing Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 9.

**{¶24}** Significantly, waiver is an *equitable* contract defense, which generally involves an evaluation of the totality of the circumstances in considering the existence of acts inconsistent with the contract right alleged to be waived. *See Gembarski*, 157 Ohio St.3d 255 at ¶ 25 (speaking of waiver broadly); *Med. Imaging*, 7th Dist. No. 04 MA 220, at ¶ 26 ("this court interprets Ohio law as not absolutely requiring prejudice to find waiver of any contract. Prejudice is a factor to be considered in determining the totality of the circumstances surrounding inconsistent acts, but it is not a mandated element for waiver."), citing *ACRS, Inc. v. Blue Cross & Blue Shield of Minnesota*, 131 Ohio App.3d 450, 456, 722 N.E.2d 1040 (8th Dist.1998) ("As with all other contractual rights, the right to arbitrate is subject to waiver. * * * Waiver typically requires knowledge of the right to arbitrate and actions inconsistent with that right that usually involve delay and prejudice to the adverse party."). Therefore, considering prejudice as part of the totality of the circumstances in evaluating conduct inconsistent with a known right is not at odds with general contract principles in Ohio.

**{¶25}** In addition to saying prejudice was only one factor, Appellant's opposition to arbitration alternatively said she was in fact prejudiced as she could have avoided the cost of filing her complaint in the trial court had Appellee disclosed the arbitration agreement. On appeal, she does not mention this particular argument on the cost to file the action; instead, she additionally addresses the doctrine of estoppel (or waiver by estoppel). Appellant states unlike waiver, estoppel does not require intent to relinquish the right but requires the party asserting waiver to show prejudice, detrimental reliance, or a change in position as a mandatory element. However, Appellant incorrectly claims a mere change in position is an alternative to the prejudice or detrimental reliance required for the estoppel doctrine. The application of estoppel "prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts *to his detriment*." (Emphasis added.) *Chubb v. Ohio Bur. of Workers' Comp.*, 81 Ohio St.3d 275, 279, 690 N.E.2d 1267 (1998), quoting *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.*, 71 Ohio St.3d 26, 34, 641 N.E.2d

188 (1994). Moreover, "equitable estoppel generally requires actual or constructive fraud." *Sycamore City School Dist.*, 71 Ohio St.3d at 35. Regardless, estoppel was not mentioned below. *See White,* 131 Ohio St. at 198 (where it was "difficult to discern from the pleadings whether the issue is waiver or estoppel," the Court treated the issue as waiver where the party characterized it as waiver below). "Although waiver is typical of estoppel, estoppel is a separate and distinct doctrine." *Chubb*, 81 Ohio St.3d at 279.

{¶26} Contrary to Appellant's suggestion on appeal, Appellee did not argue the list of waiver factors was mandatory or exclusive when arguing the totality of the circumstances (surrounding Appellee's pre-litigation silence on the arbitration topic in a response to Appellant's lengthy pre-litigation letter) did not constitute waiver. *In response to Appellant's citation to the factors*, Appellee pointed out how the factors weighed in Appellee's favor: Appellant rather than Appellee invoked the trial court's jurisdiction, and Appellee did not file a counterclaim; the arbitration agreement was invoked before the time for filing an answer expired; the motion to compel or stay was Appellee's only participation in the litigation; and the only alleged prejudice was the cost to file the complaint.

{¶27} Appellant seeks to minimize the importance of post-complaint timeliness in raising the arbitration agreement, noting regular contracts can be waived before a complaint is filed. We recognize relevant pre-litigation conduct can be a consideration when cited by a party claiming waiver. *See, e.g., Glenmoore Builders, Inc. v. Kennedy*, 11th Dist. Portage No. 2001-P-0007 (Dec. 7, 2001) (noting the party seeking to enforce arbitration did not "take part in any pre-litigation discovery"); *Phillips v. Lee Homes, Inc.*, 8th Dist. Cuyahoga No. 64353 (Feb. 17, 1994) (noting the party seeking to enforce arbitration "availed itself" of pretrial discovery). Appellee did not avail itself of pretrial discovery. Appellant's letter seemingly attempted to seek voluntary pre-litigation discovery of any employment agreement including an arbitration agreement. *See* Civ.R. 34(D) (before granting a pre-litigation discovery request, a petitioner must show she made reasonable efforts to obtain the information voluntarily; she must also show discovery is necessary to ascertain the identity of a potential adverse party and she is otherwise unable to bring the contemplated action.) *See also* R.C. 2317.48.

{¶28} Without responding to the portion of Appellant's letter on existing agreements, Appellee's response provided other, unrequested documents in the form of the statements of the manager and assistant manager concerning Appellant's behavior. Appellee provided these documents in an attempt to avoid further action on the dispute. Even where a potential plaintiff threatens to sue, "it is clear that the defendant's engaging in settlement negotiations prior to the [plaintiff's] filing of a lawsuit does not constitute waiver." *Robbins v. Country Club Ret. Ctr. IV, Inc.*, 7th Dist. No. 04BE43, 2005-Ohio-1338, ¶ 70. *See also Milling Away*, 8th Dist. No. 95751 at ¶ 15. Moreover, the arbitration agreement required the parties to "attempt to informally resolve" any dispute before submitting the dispute to arbitration.

{¶29} In addition, a potential plaintiff's placement of an arbitrary time limit on a pre-litigation letter does not translate into a definitive legal deadline by which the other party must respond in order to avoid waiving pre-existing contract rights. Appellant does not allege Appellee's initial response letter was untimely but states it was incomplete and thus dispositive of waiver. "Mere silence will not amount to waiver where one is not bound to speak." *Gembarski*, 157 Ohio St.3d 255 at ¶ 24.

{¶30} Importantly, as emphasized by Appellee, the response letter was introduced by limiting language wherein Appellee's counsel said he was asked to "preliminarily respond" to Appellant and his letter "primarily" countered the facts alleged in Appellant's letter without opining on Ohio law. In the letter's conclusion, counsel noted he would not comment on the claims as that was "not within the scope of this letter" and then reiterated, "[t]his letter is mainly to inform you that the facts are much different than you have been led to believe * * *."

{¶31} The content of the letter did not acquiesce to participation in the judicial process and was not otherwise inconsistent with the right to arbitrate. Lastly, we note the affidavit of Appellant's attorney said the materials he received in Appellee's February 24, 2021 response did not mention an arbitration agreement, but he did not say there was no subsequent pre-litigation communication involving the arbitration agreement. (We also note Appellant's letter additionally invited response by phone.)

{¶32} We conclude the mere sending of the pre-litigation response letter to discuss the alleged facts, which was silent as to arbitration, was not inconsistent with the

right to arbitrate under the circumstances in this case. The facts alleged by Appellant are insufficient to show waiver as a matter of law. Accordingly, Appellant's assignment of error is overruled, and the trial court's judgment compelling arbitration and dismissing the case is affirmed.

Waite, J., concurs.

D'Apolito, P. J., concurs.

[Cite as *Brown v. JC Austintown, Inc.*, 2023-Ohio-553.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**