[Cite as *Bernat v. EK Real Estate Fund I, L.L.C.*, 2024-Ohio-5043.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

EUGENE G. BERNAT,

Plaintiff-Appellee,

v.

EK REAL ESTATE FUND I, LLC ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0015**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 2114

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. John B. Juhasz, Atty. Eugene G. Bernat*, Bernat Law, LLC, for Plaintiff-Appellee and

*Atty. Anna L. Gecht* and *Atty. Melissa Z. Kelly*, Tucker Ellis, LLP, for Defendants-Appellants.

Dated: October 17, 2024

**HANNI, J.**

{¶1} Defendants-Appellants, EK Real Estate Fund I, LLC (EKRE) and EasyKnock, Inc. (EasyKnock), appeal from a Mahoning County Common Pleas Court judgment denying their motion to stay proceedings and compel arbitration with Plaintiff-Appellee, Eugene G. Bernat, on Appellee's complaint stemming from several contracts entered into between the parties regarding the sale and lease of a home. Because the trial court correctly determined that the arbitration provision does not apply and even if it does, Appellants waived any right to arbitrate, the trial court's judgment is affirmed.

{¶2} EasyKnock is engaged in the business of residential sale and leaseback. It provides a product known as a "Sell & Stay" to homeowners with financial needs who, for whatever reason, do not want to or cannot use traditional financing. Under a Sell & Stay, an individual can convert their home equity into cash by selling their home to EasyKnock and staying in the home as a tenant under a lease. They then have the option to either (1) repurchase the home at an agreed-upon price or to (2) direct EasyKnock to sell the home, in which case they receive the appreciation amount and the value above the option exercise price.

{¶3} On October 21, 2019 and November 12, 2019, Appellee entered into a Sell & Stay Agreement with EKRE, which is a wholly-owned subsidiary of EasyKnock. The Sell & Stay Agreement had three separate parts: (1) a bilateral Residential Real Estate Agreement (Real Estate Agreement); (2) a bilateral Residential Lease Agreement (Lease Agreement); and (3) a unilateral Residential Real Estate Option Agreement (Option Agreement). Under the Real Estate Agreement, Appellee sold his residential property in Youngstown to EKRE for the purchase price of $205,000. Under the Lease Agreement, Appellee leased the home back from EKRE. And under the Option Agreement, Appellee had the option to either repurchase the home or to direct EKRE to sell it. Appellee paid EKRE $12,768, which was equal to 18 months' rent, as the "rent holdback." Both the Lease Agreement and the Option Agreement were renewed on December 1, 2020 and again on December 1, 2021.

{¶4} Appellee filed a complaint against EKRE on November 29, 2022, to recover interest on a security deposit and for a declaratory judgment that provisions of the Lease

Agreement and Option Agreement that obligated Appellee to reimburse EKRE for "maintaining the property" and are charged to Appellee as "accrued expenses" are in violation of numerous provisions of R.C. 5321.04, setting out the obligations of a landlord.

**{¶5}** Appellee filed his first amended complaint on February 26, 2023, adding EasyKnock as a defendant and asserting additional claims for the unauthorized practice of real estate, negligence, and unconscionable contract.

**{¶6}** On April 27, 2023, Appellants filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).

**{¶7}** The magistrate held a preliminary conference with the parties on May 4, 2023, and set deadlines for discovery, depositions, and dispositive motions. The magistrate also ordered the parties to mediation and set a trial date.

**{¶8}** On September 7, 2023, the trial court denied Appellants' motion to dismiss the complaint.

**{¶9}** On October 13, 2023, Appellants retained new counsel. On October 24, 2023, Appellants filed a motion to stay proceedings and compel arbitration. They argued that the Option Agreement contains a binding arbitration clause. Appellee filed a response in opposition.

**{¶10}** The trial court denied Appellants' motion to dismiss and compel arbitration. It pointed out that neither the Sales Agreement nor the Lease Agreement contained arbitration clauses. In fact, the court noted that the Sales Agreement references costs of court and judicial remedies and the Lease Agreement provides for any relief provided by law. The court did point out, however, that the Option Agreement contains a binding arbitration provision for claims between the "Option Holder" and the "Option Counterparty." The court found that not all of the claims raised by Appellee were claims based on the Option Agreement. And it determined that had Appellants intended for all claims between the parties to be arbitrated, they should have included arbitration provisions in each agreement.

**{¶11}** The trial court went on to find that even if the claims were subject to arbitration, Appellants waived that right. It noted that Appellee filed this action In November 2022. The answer did not mention arbitration. Appellee then filed an amended

Case No. 24 MA 0015

complaint in February 2023, and once again, the answer did not mention arbitration. And Appellants filed a motion to dismiss in April 2023, but once again did not mention arbitration. At a May 2023 pretrial hearing with the parties, the court set a schedule for discovery and case management and all parties agreed to mediation. It was not until Appellants retained new counsel in October 2023, that they filed a motion to compel arbitration. Thus, the court concluded that even if Appellants had a right to arbitrate, they waived that right by acting inconsistently with it.

**{¶12}** Appellants filed a timely notice of appeal on January 29, 2024. They now raise a single assignment of error.

**{¶13}** Appellants' sole assignment of error states:

THE TRIAL COURT ERRED IN DENYING DEFENDANTS-APPELLANTS'
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION.

**{¶14}** Appellants break their argument into two issues.

**{¶15}** First, Appellants argue the trial court erred in finding that the arbitration clause does not cover Appellee's claims. They assert the court erred in concluding that the arbitration clause does not apply because Appellee had not exercised his option under the Option Agreement. Appellants also claim that every claim in the amended complaint arose from the sale-leaseback transaction, which is comprised of inextricably intertwined contracts including the Option Agreement. Because the claims cannot be maintained without reference to the Option Agreement or Appellee's relationship with Appellants, they assert the claims are subject to arbitration. Thus, they contend, all of the claims fall within the scope of the arbitration clause.

**{¶16}** Appellants further point out the trial court concluded that because not all of the claims were based on the Option Agreement, none of the claims were arbitrable. At a minimum, Appellants argue, the court should have ordered the claims that were arbitrable to arbitration and stayed the case until arbitration was complete.

**{¶17}** Generally, courts are to apply an abuse of discretion standard of review to a trial court's decision regarding a stay pending arbitration. *Carapellotti v. Breisch & Crowley*, 2018-Ohio-3977, ¶ 16 (7th Dist.), citing *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004-Ohio-5953 (9th Dist.). But if the trial court denies a stay

pending arbitration based on an issue of law, reviewing courts apply a de novo standard of review. *Villas di Tuscany Condominium Assn., Inc. v. Villas di Tuscany,* 2014-Ohio-776, ¶ 9 (7th Dist.).

{¶18} The trial court here found that if Appellee were to exercise his option under the Option Agreement, then those disputes under the Option Agreement would become arbitrable. Yet Appellee has not yet exercised the option.

{¶19} When a claim is brought in court and a party to the suit seeks to stay the proceeding by claiming that the matter should instead be submitted to arbitration, "prior to making any determination regarding the arbitrability of any issue raised by the parties' claims, a court must first determine whether the written arbitration agreement being invoked is in fact enforceable under basic contract precepts." *Benjamin v. Pipoly*, 2003-Ohio-5666, ¶ 31 (10th Dist.). "This determination must begin with application of fundamental principles of state contract law." *Id.* Before transferring jurisdiction over the case to an arbitration panel, the trial court must decide several preliminary issues: (1) whether an agreement to arbitrate exists; (2) whether the agreement is enforceable; and (3) whether an enforceable arbitration agreement actually binds the specific parties involved in the suit. *Bradley Dev. Co., Inc. v. Northern Ohio Sewer Contracting, Inc.*, 2003-Ohio-6123, ¶ 10 (9th Dist.).

{¶20} In this case, neither the Sales Agreement nor the Lease Agreement contain an arbitration clause. In fact, the opposite is true. The Sales Agreement states that "in the event of any litigation brought to enforce any material provision of this Agreement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and court costs." (Sales Agreement, Section 28). And the Lease Agreement provides for the recovery of "attorney's fees, costs of court, costs of service, and other reasonable costs incurred in any legal proceedings" and provides that the "[t]enant may seek any relief provided by law." (Lease Agreement, Sections 8, 16, 23, 26). Thus, both the Sales Agreement and the Lease Agreement contemplate that any dispute that arises will be settled by the courts.

{¶21} Only the Option Agreement contains an arbitration provision, stating "any and all claims . . . between Option Holder and Option Counterparty will be resolved in binding arbitration." (Option Agreement, Section 11).

**{¶22}** But Appellee has not yet exercised his option under the Option Agreement. Thus, the Option Agreement is not a bilateral contract, which would bind both parties. Instead, it is a unilateral contract, which binds only the party offering the option (Appellants). "A purchase option is 'a unilateral contract, binding one side without binding the other.'" *Four Howards, Ltd. v. J & F Wenz Rd. Invest., L.L.C.*, 2008-Ohio-6174, ¶ 59 (6th Dist.), quoting *Bahner's Auto Parts v. Bahner*, 1998 WL 470494 (4th Dist. July 23, 1998).

**{¶23}** The Ninth District explained the workings of an option agreement:

> Until a buyer exercises his or her option to purchase, option to purchase real estate agreements, like the Option Agreement, are unilateral contracts. *See Masonic Temple Co. v. Adams*, 106 Ohio App. 23, 29, 153 N.E.2d 198 (9th Dist.1958); *Lees v. Meyer*, 9th Dist. Lorain, 634 N.E.2d 258, – – – – (1993). *See also Boblien, Inc. v. Hoge*, 9th Dist. Medina No. 2967-M, 2000 WL 727539, *1 (June 7, 2000). Options to purchase real estate agreements become bilateral contracts once the option is exercised. *Central Funding, Inc. v. CompuServe Interactive Servs., Inc.*, 10th Dist. Franklin No. 02AP-972, 2003-Ohio-5037, 2003 WL 22177226, ¶ 38. As explained in *Central Funding, Inc.*, an option contract:

>> consists of two independent elements: (1) an offer to buy, sell, or perform some act, which becomes a contract if properly accepted; and (2) the binding agreement to leave the offer open for a specified period of time. Thus, an option is a continuing offer, as well as a unilateral contract, binding the offeror of the option. "An option to buy may be exercised by giving notice of an intention to purchase; such a notice is in effect an acceptance of the offer to sell." Although the holder of the option is not required to exercise it, once the option is exercised, a bilateral contract arises between the parties to the option to perform in accordance with the option terms.

> (Citations omitted.) *Id*. at ¶ 38.

*Simecek v. Simecek*, 2024-Ohio-2471, ¶ 17 (9th Dist.).

**{¶24}** The trial court was correct in finding that because Appellee has not exercised the option, the Option Agreement remains a unilateral contract and the arbitration provision does not yet bind Appellee.

**{¶25}** Nonetheless, even if we were to find that the arbitration provision was binding on Appellee, the result here would be the same. This is because, as the trial court found, Appellants waived their right to arbitration.

**{¶26}** Appellants argue the trial court erred in finding that they waived the right to compel arbitration. They claim they timely asserted their right to arbitrate, stating they filed the motion to stay the proceedings and compel arbitration soon after Appellee filed his amended complaint. Appellants note they asserted the right to arbitrate as an affirmative defense in their answer. And they point out they waited until after the trial court ruled on their motion to dismiss.

**{¶27}** When considering whether a party has waived arbitration, we are to apply an abuse of discretion standard due to the "fact-driven" nature of the inquiry. *Steese v. Canton Regency*, 2022-Ohio-4711 (5th Dist.); *see also*, *Fries v. Greg G. Wright & Sons, LLC*, 2018-Ohio-3785, ¶ 21 (1st Dist.), *Hoppel v. Feldman*, 2011-Ohio-1183, ¶ 46 (7th Dist.). Abuse of discretion means the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶28}** To establish waiver of the right to arbitrate, the party seeking waiver has the burden to demonstrate the other party knew of its right to assert the arbitration agreement and the totality of the circumstances establish the other party acted inconsistently with that right. *Brown v. JC Austintown, Inc.*, 2023-Ohio-553, ¶ 22 (7th Dist.), citing *Gembarski v. Partssource, Inc.*, 2019-Ohio-3231, ¶ 25.

**{¶29}** This Court has set out the relevant law to apply when considering whether a party has waived its right to arbitrate:

> As a general rule, either party to a contract of arbitration may waive the contractual right to arbitrate. *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1992), 79 Ohio App.3d 126, 128, 606 N.E.2d 1054. For instance, a plaintiff waives the right to arbitrate by filing a complaint. *Id.* For the defendant, the right to arbitrate can be preserved by seeking

enforcement of the arbitration clause. *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 412, 701 N.E.2d 1040. Failure to move for a stay pursuant to R.C. 2711.02, coupled with responsive pleadings, will constitute a defendant's waiver. *Peterson v. Crockett Constr.* (Dec. 7, 1999), 7th Dist. No. 99-CO-2, 1999 WL 1138586, citing *Mills v. Jaguar-Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 113, 430 N.E.2d 965.

To prove that a defending party waived its right to arbitration, a complainant is required to demonstrate that the defending party knew of an existing right to arbitration but acted inconsistently with that right. *Harsco* at 414, 701 N.E.2d 1040. "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." *Id.* at 413-414, 701 N.E.2d 1040.

Circumstances which may be considered by the court as pertinent to the issue are: (1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts. *Id.*

*Hoppel*, 2011-Ohio-1183, ¶ 44-46 (7th Dist.).

{¶30} Appellee filed his initial complaint on November 29, 2022, at this time naming only EKRE as a defendant. EKRE filed its answer on January 30, 2023. It asserted many affirmative defenses, but did not mention a right to arbitrate. On February 26, 2023, Appellee filed his amended complaint, adding several claims and adding EasyKnock as a defendant. The court scheduled the matter for a preliminary conference. It also granted Appellants' motion for leave to file their answer.

{¶31} Appellants filed a Civ.R. 12(B)(6) motion to dismiss on April 27, 2023, for

failure to state a claim. Again, they did not mention a right to arbitration.

{¶32} At the conclusion of the May 4, 2023 preliminary conference, the magistrate set the deadlines for discovery and dispositive motions. It scheduled the matter for mediation on August 15, 2023. It also scheduled the final pretrial and the trial date. Again, no mention of a right to arbitration was mentioned by Appellants.

{¶33} The court rescheduled mediation to September 12, 2023, due to a conflict with Appellee's counsel's schedule.

{¶34} On September 7, 2023, the trial court denied Appellants' motion to dismiss.

{¶35} On October 13, 2023, Appellants retained new counsel.

{¶36} On October 24, 2023, Appellants filed the motion to stay proceedings and compel arbitration. They also filed their answer to the amended complaint.

{¶37} On January 12, 2024, the trial court denied Appellants' motion to stay the proceedings and compel arbitration.

{¶38} In this case, Appellants clearly knew of their potential right to arbitrate – it was in the Option Agreement that they drafted.

{¶39} Moreover, it appears Appellants acted inconsistently with a right to arbitrate. EKRE filed its answer to the initial complaint without requesting a stay and did not assert arbitration as an affirmative defense. These failures have been found to indicate the party asserting arbitration has actually acquiesced to the court's jurisdiction. *See Cleveland v. Power Home Solar, LLC*, 2024-Ohio-2145, ¶ 27 (5th Dist.).

{¶40} Additionally, Appellants waited eight months to file their request to stay the proceedings and compel arbitration. Delays of three to six months have been found by some courts to be insufficient to show waiver, while the same three to six month delay has been found sufficient to show waiver depending upon the degree of participation in the litigation during this time period. *Steese v. Canton Regency*, 2022-Ohio-4711, ¶ 16 (5th Dist.), appeal not allowed, 2023-Ohio-1326. During the eight-month delay in this case, Appellants participated in a pretrial conference. Deadlines were agreed to and set for discovery and filing of dispositive motions. The case was scheduled for another pretrial conference. A jury trial date was set. Moreover, the case was scheduled for mediation, which both parties agreed to. Appellants participated in setting this schedule and never once raised the issue of arbitration.

Case No. 24 MA 0015

{¶41} Given these facts, and based on the totality of the circumstances, the Appellants have acted inconsistently with the right to arbitrate. Thus, the trial court did not abuse its discretion in finding that Appellants waived any right they may have had to arbitration.

{¶42} Accordingly, Appellants' sole assignment of error is without merit and is overruled.

{¶43} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

[Cite as *Bernat v. EK Real Estate Fund I, L.L.C.*, 2024-Ohio-5043.]

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**