[Cite as *Bernat v. EK Real Estate Fund I., L.L.C.*, 2025-Ohio-393.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

EUGENE G. BERNAT,

Plaintiff-Appellee,

v.

EK REAL ESTATE FUND I, LLC, ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0015

---

Motion for Sanctions

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. John B. Juhasz* and *Atty. Eugene G. Bernat*, Bernat Law, LLC, for Plaintiff-Appellee and

*Atty. Michael J. Matasich* and *Atty. Maria G. Carr*, McDonald Hopkins LLC, for Defendant-Appellant EK Real Estate Fund I, LLC, and

*Atty. Anna L. Gecht* and *Atty. Melissa Z. Kelly*, Tucker Ellis LLP, for Non-Parties Tucker Ellis LLP, et al.

Dated: February 6, 2025

**PER CURIAM.**

{¶1}   Plaintiff-Appellee, Eugene G. Bernat, has filed a motion for sanctions against Defendants-Appellants, EK Real Estate Fund I, LLC (EKRE) and EasyKnock, Inc. (EasyKnock), and their prior counsel, claiming their appeal was not reasonably grounded in fact or supported by existing law or a good faith argument.  Because we find no merit with Appellee's claim, the motion for sanctions is denied.

{¶2}   Pursuant to this Court's local rules:

If the Seventh District Court of Appeals, sua sponte or on motion by a party, determines that an appeal, original action, or motion is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose on the person who signed the appeal, original action, or motion, a represented party, or both, appropriate sanctions. The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Seventh District Court of Appeals considers just.  An appeal or original action shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law.

Seventh Dist.Loc.R. 23(A).

{¶3}   Likewise, App.R. 23 provides:  "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

{¶4}   Appellee asserts this appeal was frivolous and that we should award him sanctions including attorney fees of $3,500.  He claims Appellants had no basis for their appeal.  Appellee rehashes the arguments on appeal in an effort to show why Appellants' appeal was not supported by the law.

{¶5}   Appellants appealed the trial court's denial of their motion to dismiss the complaint and compel arbitration.  This was a final appealable order.  *Bernat v. EK Real Estate Fund I, LLC*, 2024-Ohio-5043, ¶ 17 (7th Dist.).

Case No. 24 MA 0015

**{¶6}** Appellants argued the trial court erred in finding that the arbitration clause did not cover Appellee's claims. The trial court had found that if Appellee were to exercise his option under the Option Agreement, then those disputes under the Option Agreement would become arbitrable. But Appellee had not yet exercised the option.

**{¶7}** This case involved a Sales Agreement, a Lease Agreement, and an Option Agreement. Only the Option Agreement contained an arbitration clause. We agreed with the trial court that because Appellee had not exercised the option, the Option Agreement remained a unilateral contract and the arbitration provision did not yet bind Appellee. *Bernat*, 2024-Ohio-5043, ¶ 24 (7th Dist.). We went on to find that even if we were to determine that the arbitration provision was binding on Appellee, the result would be the same because Appellants waived their right to arbitration. *Id.* at ¶ 25.

**{¶8}** The fact that we ruled in favor of Appellee does not mean that Appellants' appeal was frivolous. We undertook a thorough review of the law and the facts, analyzing the issues raised by Appellants. Appellants raised arguably reasonable issues for review. "'A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review.'" *Cook v. Kramer*, 2023-Ohio-2374, ¶ 27 (7th Dist.), quoting *SAFA, Inc. v. Reliable Credit Assn., Inc.*, 2019-Ohio-336, ¶ 14 (12th Dist.), citing *Madewell v. Powell*, 2006-Ohio-7046 (12th Dist.); *Talbott v. Fountas*, 16 Ohio App.3d 226 (10th Dist.), paragraph one of the syllabus.

**{¶9}** For the reasons stated above, Appellee's motion for sanctions is hereby denied.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**

Case No. 24 MA 0015